■ NRS CONSTRUCTION CORP., Appellant, v CITY OF NEW YORK (SANITATION GARAGES, DISTRICTS 30 & 32), Respondent. —Order of the Supreme Court, New York County (David B. Saxe, J.), entered on January 13, 1987, which denied plaintiff's motion for partial summary judgment on the first cause of action alleged in its complaint and granted defendant's cross motion for discovery (subsequently withdrawn pursuant to stipulation), is reversed, on the law, to the extent appealed from and plaintiff's motion for partial summary judgment on its first cause of action granted, without costs or disbursements.

Plaintiff-appellant NRS Construction Corp. is a general contracting firm which was awarded a contract in September of 1980 by defendant City of New York in connection with a project to renovate and modernize two sanitation garages. Daniel J. Rice, Inc. received the contract for heating and ventilation work, and Five Star Electric Corp. was retained to do the electrical work. The project was scheduled for completion on April 28, 1982, but, evidently due to causes beyond the control of plaintiff, work on one garage was not finished until July of 1982 and on the second until March of 1983. It is undisputed that all of plaintiff's work was accepted by the city as being substantially complete in or about February of 1983. Throughout the course of construction, NRS requested and was provided progress payments from the city. Moreover, after the original completion date had passed, the city granted plaintiff extensions of time in accordance with the contract. At no time were any contract moneys withheld from plaintiff as liquidated damages for delay, nor did the city ever urge that NRS was responsible for the delay. By June of 1983, plaintiff had performed all of its remaining contract work. Nonetheless, the city has refused, and continues to refuse, to pay plaintiff the amount owed to it, and the instant action ensued.

Plaintiff moved in the Supreme Court for partial summary judgment on its first cause of action seeking to recover the present contract balance of $69,056.01. In denying the motion, the court held that while defendant's counterclaims predi-

cated on plaintiff's alleged breach of contract had previously been dismissed, "[t]his does not mean however that the City is powerless to assert causes of action against NRS for delay and indemnification. Pursuant to Articles 12, 16 and 23 of the contract, the City may assert such claims. Pursuant to Article 16, for example, the City may be entitled to liquidated damages if it is determined that NRS was responsible for delay in the completion of the contract." In that regard, it should be noted that on May 18, 1983 and May 23, 1983, respectively, Five Star and Rice commenced actions against the city as a result of the construction project in question. It is the city's contention that while it currently has no outstanding claims against NRS, it is conceivable that such claims might arise should either Five Star or Rice succeed in demonstrating liability on the part of the city, an argument which the Supreme Court found persuasive.

General Municipal Law § 106-b (1), which relates to the payment on public work projects by municipalities to contractors and by contractors to subcontractors, mandates that a public owner such as defendant herein make prompt payment on all requisitions, including the final one, "less an amount necessary to satisfy any claims, liens or judgments against the contractor which have not been suitably discharged. Any claims, liens and judgments referred to in this section shall pertain to the project and shall be filed in accordance with the terms of the applicable contract and/or applicable laws." In addition, prior to the submission of the final requisition, the municipality also has the right to retain two times the value of any remaining items to be completed. Defendant argues that the foregoing statutory provision authorizes it to withhold payment to plaintiff, specifically referring to articles 12, 16, 23 and 24 of the contract between the parties as establishing a basis for possible future claims against NRS.

Article 12 of the contract states that the contractor shall pay or satisfy any judgment or claim allowed against the city by another contractor for damages caused by the contractor or any subcontractor thereof, and the contractor shall also pay all costs and expenses sustained by the city in connection with such judgment or claim and indemnify and hold the city harmless for all such claims. Although it is the city's position that NRS may be responsible for a substantial portion of the delay alleged in the lawsuits instituted by Rice and Five Star, the fact is that neither Rice nor Five Star has charged plaintiff with causing or contributing in any manner to the delay; plaintiff is not being sued by Rice or Five Star, and the

city has not filed a third-party complaint against plaintiff. Indeed, except for the belated assertion which the city is now making (that is, that in the hypothetical event that Rice and/or Five Star were to recover damages from defendant in their actions, then the city might possibly be able to pass along responsibility to NRS), the city has never suggested that plaintiff caused or contributed to the delay in completing the project. Yet, the city is now, in effect, attempting to render plaintiff an insurer for any liability which might be found against it in the lawsuits brought by Rice and Five Star.

Article 16 of the contract concerns the right to assess liquidated damages against a contractor who delays completion of the project. However, since the city has never accused NRS of delaying the project and has never sought liquidated damages from NRS nor alleged by way of defense that NRS owes liquidated damages for delay, the claim under article 16 is also strictly theoretical. Thus, if NRS had conceivably delayed the project, the city could assess liquidated damages against it. In reality, no one has charged plaintiff with the delay, and defendant may not rely upon article 16 to withhold payment from plaintiff.

Article 23 permits the city to retain moneys from the contractor where there is a claim against the city that damage has been caused either directly or indirectly by the contractor's failure to perform the work in strict accordance with the contract. Here, too, until the city submitted its motion papers in opposition to plaintiff's motion for summary judgment, there was no claim that NRS did not perform its work in strict adherence to the contract. As previously discussed, plaintiff may not be held to stand surety to the city's defense of the actions commenced by Rice and Five Star. The city may retain moneys owing NRS only if it has an existing claim against plaintiff, not because it might at some future date discover some claim not presently contemplated. Should a claim eventually materialize against plaintiff, the city will, of course, be able to take appropriate legal action at that time.

Under article 24, the city may withhold sums from the contractor as surety for outstanding maintenance or guarantee work. However, plaintiff's contract work had been fully completed by June of 1983, and the guarantee period specified in the contract expired long ago. Further, the city has never asserted that any of plaintiff's work was unfinished or unsatisfactory. It is, thus, difficult to perceive how this section of the contract can form the basis for avoiding payment.

Finally, the record of this case does not reveal any merit to

defendant's allegation that plaintiff has not followed the proper contractual procedure necessary to obtain final payment, and the Supreme Court did not rely upon this ground in denying plaintiff's motion for partial summary judgment. For all of the foregoing reasons, defendant was not warranted in declining to remit payment, and the motion should have been granted. Concur—Sandler, J. P., Sullivan, Milonas, Ellerin and Wallach, JJ.