■ ACS Systems Associates, Inc., Respondent, v Safeco Insurance Company of America, Appellant. [20 NYS3d 72]—

Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered on or about July 10, 2014, which, insofar as appealed from as limited by the briefs, granted plaintiff's motion for summary judgment on its payment bond claim, awarding it damages in the amount of $1,502,964, plus interest in the amount of $362.30 per day until entry of judgment and

thereafter at the statutory rate, unanimously modified, on the facts, to delete the amount of damages awarded and substitute $1,501,310.77 therefor, and to delete the amount of interest per day until entry of judgment and substitute $362.26 therefor and otherwise affirmed, without costs.

The general contractor hired by the School Construction Authority (SCA) for a school renovation project obtained a payment bond from defendant to guarantee payment to its subcontractors and material suppliers. It is undisputed that SCA paid the general contractor in full for the work performed by plaintiff subcontractor on the project and that the general contractor failed to remit payment to plaintiff (*see* General Municipal Law § 106-b [2]). General Municipal Law § 106-b (2) requires a contractor who receives any payment from a public owner to make prompt payment to its subcontractors for their work "less an amount necessary to satisfy any claims, liens or judgments against the subcontractor . . . which have not been suitably discharged." Contrary to defendant's contention, an unrealized, admittedly "potential" claim for liquidated damages that the SCA may or may not assert against the general contractor does not constitute a claim for liquidated damages against plaintiff by which defendant or the general contractor may offset its payment to plaintiff (*see NRS Constr. Corp. v City of New York*, 134 AD2d 219 [1st Dept 1987]).

The parties dispute the number of days for which interest was awarded. We find that interest on amounts due to plaintiff on requisition 18 began to accrue on May 10, 2011, and accrued for 1148 days, until the date of the order appealed from, for a total of $287,348.49, and that interest on amounts due to plaintiff on requisition 19 began to accrue on October 4, 2011, and accrued for 1001 days, until the date of the order, for a total of $112,073.28. Accordingly, we modify the damages award as indicated.

We have considered defendant's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Moskowitz, Richter and Manzanet-Daniels, JJ. ∎