Brownie Cos. of Long Is., LLC v Volmar Constr., Inc. (2025 NY Slip Op 03127)

Brownie Cos. of Long Is., LLC v Volmar Constr., Inc.

2025 NY Slip Op 03127

Decided on May 22, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 22, 2025

Before: Webber, J.P., Moulton, Friedman, Gesmer, Michael, JJ. 

Index No. 450100/21|Appeal No. 4422-4423-4424|Case No. 2023-04549 2023-04606 2023-05261|

[*1]Brownie Companies of Long Island, LLC, Plaintiff-Respondent,
v
Volmar Construction, Inc., Defendant-Appellant. 

Peckar & Abramson, P.C., New York (Christopher M. Bletsch of counsel), for appellant.
Condon & Forsyth LLP, New York (Anthony U. Battista of counsel), for respondent.

Judgment, Supreme Court, New York County (Barry R. Ostrager, J.), entered August 28, 2023, awarding plaintiff a total of $674,726.48, and bringing up for review an order, same court and Justice, entered on or about July 20, 2023, which, to the extent appealed from, granted plaintiff's motion for summary judgment on its second cause of action for breach of contract and on the amount of damages, and order, same court and Justice, entered on or about September 29, 2023, which, to the extent appealed from as limited by the briefs, denied defendant's motion for leave to renew and to amend the answer to add claims for indemnification, unanimously modified, on the law, to vacate the judgment, deny the motion for summary judgment in part and as to the calculation of damages, grant the motion for leave to amend, remand the matter for further proceedings in accordance with this decision, and otherwise affirmed, without costs. Appeals from aforementioned orders, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
This case involves plaintiff subcontractor's agreement with defendant Volmar for house lifting and repair services of homes damaged during Hurricane Sandy as a part of New York City's Build It Back Program. The evidence on summary judgment did not establish as a matter of law that the contractor defendant breached its contractual payment obligation entitling plaintiff to recover the $474,000 it claimed it was owed based on outstanding unpaid invoices. Plaintiff established defendant's breach of contract insofar as defendant did not make timely and complete payments to plaintiff for amounts the City had paid defendant for plaintiff's work (see ACS Sys. Assoc., Inc. v Safeco Ins. Co. of Am., 134 AD3d 413, 414 [1st Dept 2015]; NRS Constr. Corp. v City of New York, 134 AD2d 219, 221 [1st Dept 1987]). Defendant withheld certain payments from plaintiff as a set-off against liquidated damages the City had indicated it would assess against defendant based on delays of work within the scope of plaintiff's tasks.
Issues of fact remain concerning the calculation of the damages to plaintiff resulting from such breaches, including the extent to which the City's payments to defendants were subjected to permanent or pending deductions related to plaintiff's work delays. Such delays provided a valid contractual basis for defendant making partial payments to plaintiff on its invoiced amounts and withholding or declining to make payment on the amounts for which the City did not pay defendant.
Accordingly, the judgment should be vacated and the matter remanded to allow for additional proceedings on the issues of fact noted above.
Defendant's motion for leave to file an amended answer should have been granted. Defendant's proposed counterclaims are for indemnification from plaintiff to the extent the City made deductions from payments to defendant that are upheld and exceed the amounts remaining unpaid to plaintiff under the subcontract[*2].
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 22, 2025